UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARK F. SPANGLER,<br><br>Defendant, | NO. CR12-133RSM<br><br><br><br>ORDER |

Before the Court is the government's Motion for Preliminary Ruling on Attorney-Client Privilege, pursuant to Federal Rule of Evidence 104. Having considered the Motion, the parties' subsequent filings, and the parties' previous filings and argument regarding the attorney-client privilege, the Court enters the following Order:

1. As of June 28, 2011, the receiver for The Spangler Group (TSG) and certain TSG entities, KLJ Consulting, held the attorney-client privilege as to the following TSG entities: The Spangler Group; SG Growth+; SG Income +; Spangler Ventures 7; Spangler Ventures 9; Spangler Ventures 11; Equity Investors, LLC; Income +, LLC; and TeraHop. Through counsel, Andrea Orth and Tom Bucknell, the receiver has waived the attorney-client privilege as to these entities. Courts have uniformly held that a receiver, like a trustee, controls the attorney-client privilege for the entities under its control. *See Commodity Futures Trading Commission v. Weintraub,* 471 U.S. 343 (1985); *United States v. Plache*, 913 2d 1375 (9th Cir. 1990). This waiver extends to the

ORDER
Mark Spangler, CR12-133RSM/- 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

entire subject matter of the representation, including communications regarding predecessor entities. Accordingly, the government may review any communications between Mark Spangler, or other members of The Spangler Group, and any attorneys for these entities.

2. Defendant Spangler has failed to carry his burden of establishing that any of the attorneys in question (that is: William Carleton, John Stokke, Joe Wallin, Keith Baldwin, and their respective firms) who represented the relevant Spangler Group entities also represented him in an individual capacity. Namely, Defendant Spangler has failed to produce evidence that meets the five-part *Bevill* test adopted by the Ninth Circuit in *United States v. Graf,* 610 F.3d 1148 (9th Cir. 2010). Most notably, Defendant Spangler has failed to meet the following factors: *Bevill Factor* # 2: when he approached these attorneys or firms, he did not make it clear that he was seeking legal advice in his individual, rather than his representative, capacity; *Bevill Factor #3:* he did not demonstrate that the counsel saw fit to communicate with him in his individual capacity, knowing that a possible conflict could arise; *Bevill Factor #5:* he did not show that the substance of his conversations with counsel did not concern matters within the company or the general affairs of the company.

3. Even if Defendant Spangler somehow possessed a privilege with respect to the documents or testimony in question, he categorically failed to take any reasonable steps to preserve the confidential or privileged nature of those documents or testimony. Defendant Spangler himself made the determination to place the Spangler Group entities into receivership. He then voluntarily turned over the Spangler Group's computer server to the receiver. In doing so, Defendant Spangler made no meaningful effort to preserve the privileged or confidential nature of any materials on the server.

4. As to the attorneys for the Davis, Wright law firm, Keith Baldwin and Joe Wallin:

ORDER
Mark Spangler, CR12-133RSM/- 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   (a) As of June 28, 2011, the receiver held and continues to hold the
2   privilege as to these attorneys and their work on the TSG entities set forth in
3   paragraph one, above;
4   (b) The receiver waived the privilege as to communications between
5 these attorneys and Mark Spangler;
6   (b) To the extent that defendant Spangler held any privilege as to these
7 attorneys, Spangler had ample opportunity to assert a privilege with respect to the
8 government's interview of the Davis, Wright attorneys, but chose not to do so;
9   (c) Defendant Spangler also had ample opportunity to assert a privilege
10 as to any Davis, Wright documents that had been provided to the government, but chose
11 not to do so;
12   (d) By failing to protect any privileged documents or communications,
13 Defendant Spangler failed to preserve a claim of privilege.
14   In light of these facts, the government may continue to review the Davis, Wright
15 documents and interview these lawyers, if necessary. Also, the government may
16 introduce documents obtained from Davis, Wright at trial, and call the Davis, Wright
17 attorneys as witnesses at trial, without contravening any attorney-client privilege owed to
18 Defendant Spangler, because the privilege has been waived.
19   5. As to attorney William Carleton:
20   (a) As of June 28, 2011, the receiver held and continues to hold the
21 privilege as to Mr. Carleton and his work on the TSG entities set forth in paragraph one,
22 above;
23   (b) The receiver waived the privilege as to communications between this
24 attorney and Mark Spangler;
25   (b) To the extent that defendant Spangler held any privilege as to Mr.
26 Carleton, Spangler had ample opportunity to assert a privilege with respect to the
27 government's interview of Mr. Carleton, but chose not to do so;
28

ORDER
Mark Spangler, CR12-133RSM/- 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    (c) Defendant Spangler also had ample opportunity to assert a privilege
2 as to any Carleton documents that had been provided to the government, but chose not to
3 do so;
4    (d) By failing to protect any privileged documents or communications,
5 Defendant Spangler failed to preserve a claim of privilege.
6    In light of these facts, the government may continue to review the documents
7 related to William Carleton, may interview Mr. Carleton, and may call him as a witness
8 at trial, without contravening any attorney-client privilege owed to Defendant Spangler,
9 because the privilege has been waived.
10    6. As to attorney John Stokke, the government may interview Mr. Stokke and
11 ask him questions regarding documents and communications relating to the entities in
12 paragraph one of this Order. Counsel for the defendant shall be afforded an opportunity
13 to be present for this interview.
14 //
15
16 //
17
18 //
19
20 //
21
22 //
23
24 //
25
26 //
27
28 //

ORDER
Mark Spangler, CR12-133RSM/- 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

7. By no later than Friday, July 19, 2013 the defendant must either waive any claim of privilege or provide a detailed privilege log as to communications between defendant Spangler and attorneys for the McNaul, Ebel firm. Also by this date, the defendant has the burden to show that he has met the *Bevill* test as to these attorneys, in order to sustain a claim of privilege. If the defendant elects to produce a privilege log, the log shall:

(a) Identify the nature of the statement, communication, document or information claimed to be privileged;

(b) Describe the subject matter with sufficient particularly to allow the Court to rule on the asserted privilege;

(c) Identify the date of the statement, communication, document or information claimed to be privileged; and

(d) Identify the names of the persons identified or referenced in the statement, communication, document, or information as well as any other persons indicated as having been provided a copy thereof.

SO ORDERED this 20th day of June 2013.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

*/s/ Mike Lang*
MIKE LANG
CARL BLACKSTONE
FRANCIS FRANZE-NAKAMURA
Assistant United States Attorneys

ORDER
Mark Spangler, CR12-133RSM/- 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970