JUDGE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | NO. CR12-133RSM |
| ) | |
| Plaintiff, ) | DEFENSE MOTION IN LIMINE |
| ) | TO EXCLUDE IMPACT OF LOSS |
| vs. ) | |
| ) | Noted: October 11, 2013 |
| MARK F. SPANGLER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Mark Spangler moves this Court in limine to exclude evidence of the impact of any losses on his clients. This motion is based on FRE 402 and 403 and the accompanying argument.

**I. ARGUMENT**

In its Motion to Exclude Expert Testimony at 6 (Dkt. 65), the Government indicated its view that loss, while relevant to sentencing, is not relevant to the trial.[1] The Government is correct. Even more critically, the impact of those losses on clients is not relevant. If Mr. Spangler's actions and intent met the elements of the charged offenses, he is guilty even if his clients suffered no losses. Inversely, if the elements were not met, he is innocent no matter how greatly his clients were impacted by their losses.

---

[1] The Government's motion recites: "If [Mr. Keller's] testimony is being offered to mitigate the loss suffered by the victims, then this testimony is better suited to a sentencing hearing than trial." Motion to Exclude Expert Testimony at 6 (Dkt. 65).

DEFENSE MOTION IN LIMINE
TO EXCLUDE IMPACT OF LOSS
*United States v. Spangler;* CR12-133RSM         - 1 -

FEDERAL PUBLIC DEFENDER
1331 Broadway, Ste. 400
Tacoma, Washington 98402
(253) 593-6710

1  Mr. Spangler accepts that the *amounts* of losses will necessarily come into
2 evidence, even though they are not relevant.  However, evidence of the *impact* of those
3 losses can only serve to prejudice the jury.  As a hypothetical, assume that a client had
4 planned to use his investment with Mr. Spangler to place his mother in a better nursing
5 home than he otherwise could afford (the defense anticipates that the Government might
6 seek to elicit facts similar to this hypothetical).  This has nothing to do with the
7 statements Mr. Spangler made to that client or the truth of those statements.  It is
8 therefore irrelevant and inadmissible under FRE 402 (irrelevant evidence is
9 inadmissible).  The same would apply to any other evidence of the impact of losses.
10  Even if evidence of the impact of losses had some marginal relevance, it should
11 be excluded under FRE 403.  The risk that the jury will be prejudiced by such evidence
12 substantially outweighs whatever minimal probative value the evidence might have.

## II. CONCLUSION

14  The Court should exclude evidence of the impact of losses on Mr. Spangler's
15 clients.

16  DATED this 3rd day of October, 2013.

Respectfully submitted,

*s/ John R. Carpenter*
JOHN R. CARPENTER
Attorney for Mark Spangler

DEFENSE MOTION IN LIMINE
TO EXCLUDE IMPACT OF LOSS
*United States v. Spangler;* CR12-133RSM         - 2-

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Ste. 400**
**Tacoma, Washington  98402**
**(253) 593-6710**

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below I e-filed with the Clerk of the Court the foregoing Defense Motion In Limine to Exclude Impact of Loss. I used the CM/ECF system which will send notification of such filing to the Assistant United States Attorneys on record and all interested parties.

DATED this 3rd day of October, 2013.

*s/ Delia Bonaparte*

DEFENSE MOTION IN LIMINE
TO EXCLUDE IMPACT OF LOSS
*United States v. Spangler;* CR12-133RSM   - 3-

**FEDERAL PUBLIC DEFENDER**
1331 Broadway, Ste. 400
Tacoma, Washington  98402
(253) 593-6710