JUDGE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | NO. CR12-133 RSM |
| Plaintiff, ) | |
| v. ) | DEFENDANT'S SUPPLEMENTAL TRIAL BRIEF |
| MARK SPANGLER, ) | |
| Defendant. ) | |

Mr. Spangler submits the following Supplemental Trial Brief in order to respond to a few of the contentions raised in the Government Trial Brief (Dkt. 95) and in its Response to Trial Brief (Dkt. 97).

**1.    Hearsay in Public Records is Not Admissible Under the Hearsay Exception for Business Records.**

In reliance on a sister circuit case, the Government asserts that:

> "Records kept …[b]y public agencies may be admissible under the business records exception, Fed. R. Evid. 803(6), as well as under the public records exception, Fed. R. Evid. 803(8)." *United States v. Bohrer*, 807 F.2d 159, 162 (10th Cir. 1986) (internal citations omitted).

Government's Trial brief at 14 (ellipsis in Government's Trial Brief); *see also* Government's Trial Brief at 15-16 (also citing to *Bohrer*).

| | |
|---|---|
| DEFENDANT'S SUPPLEMENTAL TRIAL BRIEF - 1<br>(*Mark Spangler*, CR13-133 RSM) | FEDERAL PUBLIC DEFENDER<br>1331 Broadway, Suite 400<br>Tacoma, Washington 98402<br>(253) 593-3710 |

In fact, Ninth Circuit law is squarely to the contrary. As stated in *United States v. Weiland*, 420 F.3d 1062, 1074 (9th Cir. 2005), "The law of this circuit has long established that public records . . . must be admitted, if at all, under Rule 803(8), or, in some cases, under a specific hearsay rule[.]" (citing *United States v. Orellana–Blanco*, 294 F.3d 1143, 1149 (9th Cir. 2002); *United States v. Pena–Gutierrez*, 222 F.3d 1080, 1086–87 (9th Cir. 2000); *United States v. Orozco*, 590 F.2d 789, 793 (9th Cir. 1979)). The court continued, "The government may not circumvent the specific requirements of Rule 803(8) by seeking to admit public records as business records under Rule 803(6). Nor may the government attempt to combine Rules 803(6) and 803(8) into a hybrid rule to excuse its failure to comply with either." *Weiland*, 420 F.3d 1062, 1074.

**2.    Public Records May be Self-Authenticated Only Under FRE 902(4) – Not 902(11).**

The Government cites to FRE 902(11) as a basis for self-authentification of both business and public records. Government's Trial Brief at 15. As to public records, the *Weiland* court also rejected that position. "[A] party may not circumvent the requirements for the authentication of public records outlined in Rule 902(4) by invoking Rule 902(11). Rule 902(4), not Rule 902(11), describes the manner for establishing the authenticity of public records." *Weiland*, 420 F.3d at 1072. The court "again emphasize(d)" this point later in its discussion. *Id.*

//

//

//

DEFENDANT'S SUPPLEMENTAL
TRIAL BRIEF - 2
(*Mark Spangler*, CR13-133 RSM)

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, Washington 98402
(253) 593-3710

**3.    Use of Summary Witnesses and Charts Summarizing Other Testimony Should Not Be Allowed.**

The Government suggests that witnesses may summarize other testimony and present charts summarizing that testimony, citing to *United States v. Olano*, 62 F.3d 1180, 1204 (9th Cir. 1995), and to a Sixth Circuit case, *United States v. Scales,* 594 F.2d 558, 563 64 (6th Cir. 1979). Government's Trial Brief at 17, 18.

However, the case on which *Olano* relies, *United States v. Baker*, 10 F.3d 1374, 1412 (9th Cir.1993), overruled on other grounds by *United States v. Nordby*, 225 F.3d 1053, 1059 (9th Cir. 2000), held that "such summaries should be admitted under Rule 611(a) only in exceptional cases." The court observed that "[w]e are not blind to the dangers of witnesses summarizing oral testimony[.]" *Id*. Specifically, "[p]ermitting an 'expert' witness to summarize testimonial evidence lends the witness' credibility to that evidence and may obscure the jury's original evaluation of the original witnesses' reliability." *Id*. The court pointed out that even though the testifying agent in that case did not directly testify to the veracity of the underlying data, she selectively chose evidence to summarize. That "selective summary itself constituted a subjective determination of reliability, and the original testimony, an attack on the credibility of which formed the core of the defense's case, was assumed to be true." *Id*.

The *Baker* court further observed:

a summary of oral testimony is generally the purpose and province of
closing argument, and we believe that it would have been more appropriate
for the prosecutor to present Agent Besse's summary exhibits and
valuations in his closing remarks.

DEFENDANT'S SUPPLEMENTAL
TRIAL BRIEF - 3
(*Mark Spangler*, CR13-133 RSM)

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, Washington 98402
(253) 593-3710

*Id.* However, the court found that the prejudice was not "undue." *Id.*

In short, the procedure that the Government proposes is one permissible only in "exceptional cases." Nothing suggests that this case is "exceptional." Furthermore, even though the *Baker* court found the prejudice not "undue" in that particular case, and the *Olano* court found there to be no abuse of discretion under its facts, nothing in those cases suggests this is an advisable or fair procedure. As the *Baker* court stated, summaries of testimony belong in closing statements, not in another witness's testimony.

**4.    Evidentiary Issues Need Not be Raised Pre-Trial.**

In its Response to Trial Brief (Dkt. 97), the Government contends that the issue raised in Mr. Spangler's Initial Trial Memorandum (Dkt. 90) is "an untimely *motion in limine*" (Response at 3). However, evidentiary issues need not be raised prior to the time the evidence is offered and the Initial Trial Memorandum did not ask that any evidence be excluded before it is introduced. The Government's Trial Brief raises a number of evidentiary issues, arguing that certain types of evidence are admissible. Nothing is improper in the Government's briefing evidentiary issues before evidence is proffered, nor is there anything improper in Mr. Spangler's briefing issues before evidence is objected to.

Once again, *Weiland* is instructive. *Weiland* objected to various records of convictions on grounds of authentification, hearsay, and the Confrontation Clause. The Government argued that *Weiland* was precluded from raising these issues because he had not done so pre-trial. The district court rejected this argument, and we agree with its

DEFENDANT'S SUPPLEMENTAL
TRIAL BRIEF - 4
(*Mark Spangler*, CR13-133 RSM)

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, Washington 98402
(253) 593-3710

analysis.  In general, it is permissible to raise an evidentiary objection to an exhibit at the time it is offered for admission. 420 F.3d at 1071 n.5.  The same is true for testimony.  The court observed that Weiland's objection was "at an appropriate time:  when the government offered that exhibit at trial." *Id*. at 1073 n. 7.

DATED this 15th day of October, 2013.

Respectfully submitted,

*s/ Alan Zarky*
Alan Zarky
Attorney for Mark Spangler

*s/ John R. Carpenter*
JOHN R. CARPENTER
Attorney for Mark Spangler

DEFENDANT'S SUPPLEMENTAL
TRIAL BRIEF - 5
(*Mark Spangler*, CR13-133 RSM)

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, Washington 98402
(253) 593-3710

# CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties registered with the CM/ECF system.

                                  s/ *Julie L. Valencia*
                                  Julie L. Valencia, Paralegal
                                  Federal Public Defender
                                  1331 Broadway, Suite 400
                                  Tacoma, WA 98402
                                  253/593-6710 voice
                                  253/597-6714 facsimile
                                  Julie_Valencia@fd.org

DEFENDANT'S SUPPLEMENTAL
TRIAL BRIEF - 6
(*Mark Spangler*, CR13-133 RSM)

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, Washington 98402
(253) 593-3710