FILED
LODGED RECEIVED

MAY 30 2014

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>MARK F. SPANGLER,<br><br>　　Defendant/Judgment Debtor,<br><br>and<br><br>KLJ CONSULTING LLC, Kent L. Johnson, KLJ Consulting LLC's Managing Director, General Receiver of THE SPANGLER GROUP, INC.,<br><br>　　　　　　　　　　Garnishee. | NO. **MS14 039** RSL<br><br>(2:12-CR-0133-1)<br><br>ANSWER FOR NON-WAGES OF THE GARNISHEE |

　　I am the above-named Garnishee or authorized by the Garnishee to make this declaration on his/her/its behalf, regarding the Writ of Continuing Garnishment for Non-Wages.

　　On, _____May 27_____, 2014, Garnishee was served with the Writ of Continuing Garnishment for Non-Wages.

//

//

//

ANSWER FOR NON-WAGES OF THE GARNISHEE

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
(206) 553-7970

## I. QUESTIONS 1 THROUGH 5 TO BE ANSWERED FOR WAGES

For the pay period in effect on the date of service:

ANSWERS:

| | | | | |
|---|---|---|---|---|
| 1. | The Judgment Debtor was employed by my/our office. | Yes | No | xx |
| 2. | The Judgment Debtor's pay period is (weekly, monthly, etc.) | Describe Payment Period: | | |
| 3. | Enter the date the present pay period began: | | | |
| 4. | Enter the date the present pay period ends: | | | |
| 5. | Gross Pay: | $ | | |
| | Federal Income Tax: | $ | | |
| | F.I.C.A. Income Tax: | $ | | |
| | State Income Tax: | $ | | |
| | Total of Tax Withholdings: | $ | | |
| | Net Wages (subtract tax withholdings from gross pay): | $ | | |

## II. QUESTION 6 – NON-WAGE PROPERTY

(Including, but not limited to, all retirement, pension, 401(k) plans, etc.)

| | | | | |
|---|---|---|---|---|
| 6. | The Garnishee has possession, custody or control of the following property (non-earnings), in which the Defendant maintains a substantial nonexempt interest as described in detail below: | | | |
| | Description of Property (Ex. Private 401(k); public employees' pension under State code section, ban accounts, article of deposit, etc.) | Approximate Value | Description of Debtor's Interest in Property (Ex. vested and if not when will vest, eligible to withdraw, lump sum withdrawal or only monthly payments and amount, etc.) | |
| A. | see attachment | $ | | |

ANSWER FOR NON-WAGES OF THE GARNISHEE

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
(206) 553-7970

| | | | |
|---|---|---|---|
| B. | | $ | |
| C. | | $ | |

### III. QUESTIONS 7 THROUGH 8 TO BE ANSWERED BY ALL GARNISHEES

| 7. | Have there been previous garnishments in effect? If yes, please describe below. | Yes | | No | XX |
|---|---|---|---|---|---|
| | | | | | |

| 8. | Garnishee anticipates owing the following amounts to the Defendant/Judgment Debtor in the future: | see attachment |
|---|---|---|
| | Amount | Estimate Date or Period Due |
| A. | $ | |
| B. | $ | |
| C. | $ | |

**IV.** Check the applicable line below if you deny that you hold property subject to this Writ of Continuing Garnishment for Non-Wages. Also state in the space provided the basis for your denial.

\_\_\_\_\_ The Garnishee was in no manner and upon no account indebted or under liability to the Defendant/Judgment Debtor, MARK F. SPANGLER, and that the Garnishee did not have in his/her/its possession, custody or control, any property belonging to the Defendant/Judgment Debtor, or in which the Garnishee has an interest, and is in no manner liable as Garnishee.

\_\_\_\_\_ The Garnishee makes the following claim of exemption on the part of Defendant/Judgment Debtor. (Attach separate sheet if necessary):

ANSWER FOR NON-WAGES OF THE GARNISHEE
EXHIBIT B
Page 3 of 7

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
(206) 553-7970

1  ____ The Garnishee has the following objections, defenses, or set-offs to the United States'
right to apply Garnishee's indebtedness to the Defendant/Judgment Debtor to the United
2  States' claim. (Attach separate sheet if necessary):

3

**V.** The Consumer Credit Protection Act ("CCPA"), 15 U.S.C. § 1673(a), for disposable
4  earnings, may apply. 15 U.S.C. § 1673(a) provides that the aggregate disposable earnings of an
individual for any workweek which is subject to garnishment may not exceed (1) 25% of his
5  disposable earnings for that week, or (2) the amount by which his disposable earnings for that
week exceed thirty times the Federal minimum hourly wage in effect at the time the earnings are
6  payable, whichever is less.

7   In the case of earnings for any pay period other than a week, the Secretary of Labor
should by regulation prescribe a multiple of the Federal minimum hourly wage equivalent in
8  effect to that set forth under number 2, above.

9   ☐ **Please check the box if you believe the CCPA applies.**

| A. | If you checked the box, please explain why: |
|---|---|
| B. | Has your calculation, under Section II above, applied the CCPA requirement?<br>☐ YES<br>☐ NO |

On _____May 29_____, 2014, the Garnishee mailed via first class mail: (1) the
16  original Answer to the United States District Court Clerk for the Western District of Washington
at: 700 Stewart Street, Lobby Level, Seattle, WA 98101; (2) a copy of this Answer to the
17  Defendant/Judgment Debtor, Mark F. Spangler, Register No. 42280-086, FCI Lompoc, Federal
Correctional Institution, 3600 Guard Road, Lompoc, CA 93436, and (3) a copy of this Answer to
18  the United States Attorney for the Western District of Washington, Assistant United States
Attorney Kerry Keefe, Attn: Financial Litigation Unit, 700 Stewart Street, Suite 5220, Seattle,
19  WA 98101.

PREPARED BY (Print or Type): Andrea D. Orth

TITLE: legal counsel for KLJ Consulting, LLC, general receiver
for the Spangler Group, Inc.
TELEPHONE NUMBER: 206-587-0144

ANSWER FOR NON-WAGES OF THE GARNISHEE
EXHIBIT B
Page 4 of 7

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
(206) 553-7970

I declare, certify, verify or state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 29th day of May, 2014

*/s/ Andrea D. Orth*
Signature of person who prepared the Answer
BUCKNELL STEHLIK SATO & STUBNER, LLP
of Attorneys for KLJ Consulting, LLC
as Receiver in Cause No. 11-2-22214-4

ANSWER FOR NON-WAGES OF THE GARNISHEE

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
(206) 553-7970

EXHIBIT B
Page 5 of 7

## ATTACHMENT TO ANSWER OF GARNISHEE

The Original Answer must be mailed to:

>Clerk, United States District Court
>700 Stewart Street, Lobby Level
>Seattle, WA 98101

and a copy of this Answer to:

>1. United States Attorney's Office for the
>Western District of Washington
>Assistant United States Attorney Kerry Keefe
>Attention: Financial Litigation Unit
>700 Stewart Street, Suite 5220
>Seattle WA, 98101

>2. Mark F. Spangler, Register No. 42280-086
>FCI Lompoc
>Federal Correctional Institution
>3600 Guard Road
>Lompoc, CA 93436

ANSWER FOR NON-WAGES OF THE GARNISHEE

EXHIBIT B
Page 6 of 7

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
(206) 553-7970

# ATTACHMENT TO FORM ANSWER FOR NON-WAGES OF THE GARNISHEE

II. Question 6 – Non-Wage Property

A. Description of Property

Defendant may have an interest in certain funds held in reserve by the court-appointed general receiver for SG Growth + Investors Group LLC ("Growth") and SG Income + Investors Group LLC ("Income"), which funds relate to the Proof of Claim filed in the Growth and Income receivership proceedings (consolidated under King County Superior Court Cause No. 11-2-22214-4) by the Spangler Financial Group Retirement Plan ("Plan Claim"). The Plan Claim is pending, having neither been allowed nor disallowed by the receivership court.

B. Approximate Value

$384,000 - $400,000 (total approximate amount allocable to Plan Claim if allowed by receivership court)

C. Description of Debtor's Interest in Property

To the Receiver's knowledge, defendant is a participant in the Spangler Financial Group Retirement Plan and his interest therein appears to be vested. Defendant's rights as a participant are set forth in the plan documents. The Receiver takes no position as to whether the defendant's interest in the Spangler Financial Group Retirement Plan or the Plan Claim is exempt or non-exempt.

III. Questions 7 Through 8 to be Answered by all Garnishees

8. If the receivership court allows the Plan Claim, it is possible that amounts additional to those currently held in reserve will be allocable to the Plan Claim and could be distributed to the Plan.