Judge Richard A. Jones

# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERCIA,<br><br>                 Plaintiff,<br>    v.<br><br>MARK F. SPANGLER; and<br>SPANGLER GROUP, INC.<br>RETIREMENT PLAN,<br>                 Defendants,<br>    v.<br><br>KLJ CONSULTING LLC; and<br>KENT L. JOHNSON, KLJ Consulting<br>LLC's Managing Director, General<br>Receiver of THE SPANGLER GROUP,<br>INC.,<br>                 Garnishee. | CASE NO. C14-1203<br><br>  (2:12-CR-0133-1)<br><br>**ORDER ADOPTING PARTIES'**<br>**STIPULATION** |

    THIS MATTER CAME BEFORE THE COURT pursuant to the Writ of Garnishment proceeding commenced by the United States of America ("United States") and directed to garnishee defendant KLJ Consulting LLC, and Kent L. Johnson, Managing Director of KLJ Consulting LLC, as General Receiver of the Spangler Group, and the related Motion to Quash the Writ of Garnishment filed by intervenor, the Spangler Group Retirement Plan..

    The Court has reviewed the stipulation (Dkt. # 27) of the United States, the Receiver, and the Plan, which the parties submitted in compliance with the court's October 24, 2014

**ORDER ADOPTING PARTIES' STIPULATION - 1**
*USA v. Spangler, et al. v. KLJ Consulting LLC, et al - No. C14-1203*

UNITED STATES ATTORNEY
WESTERN DISTRICT OF WASHINGTON
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 order (Dkt. # 26). In large part, the court adopts the parties' stipulation, which permits the
2 court to terminate this civil action. Because the parties do not adequately explain their desire
3 for the court to both enter "partial judgment" on the writ of garnishment and to "release[] and
4 dismiss[] the writ of garnishment, and because the parties proposed no partial judgment, the
5 court declines to enter a judgment. This order reflects that the court adopts the parties'
6 stipulation as to the interests of Mark Spangler and Luann Renfrow in the assets of the Plan,
7 and that it accepts the parties' contingent plans for seizing Mr. Spangler's Plan assets in the
8 event that the state court presiding over the receivership proceeding allows the Plan's claim
9 to the Plan assets. The court does not believe a judgment is necessary, but the parties are
10 free to move for one if they believe otherwise.
11     The court orders as follows:
12   1. The United States is entitled to garnish from the Plan, which entity is presently in
13      state court receivership proceedings ("Receivership Proceedings") (King County
14      Cause No. 11-2-22214-4), an amount equal to Mark Spangler's interest in the
15      Plan's Claim, as filed in such Receivership Proceeding, which interest has been
16      agreed by the parties hereto to be 73.9% of the Plan's assets. Accordingly, if the
17      court in the Receivership Proceedings denies the Plan's Claim then Mr. Spangler's
18      interest therein is effectively $0.00, and the United States shall garnish nothing by
19      reason of this order. If the court in the Receivership Proceedings allows the Plan's
20      Claim, the Plan shall satisfy the United States' garnishment right by paying
21      73.9% of the amount distributable on account of the Plan Claim (per the
22      distribution metrics and methods established in the Receivership Proceeding) into
23      the registry of this Court to be held until such time as Mark Spangler's appeal of
24      his criminal conviction is reviewed by the Court of Appeals;
25   2. The parties have agreed on no relief as to Luann Renfrow's percentage interest in
26      the Plan Claim or Plan's assets, which the parties have agreed to be 26.1% of the
27      Plan's assets;
28

**ORDER ADOPTING PARTIES' STIPULATION - 2**
*USA v. Spangler, et al. v. KLJ Consulting LLC, et al - No. C14-1203*

UNITED STATES ATTORNEY
WESTERN DISTRICT OF WASHINGTON
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

3. If the Plan Claim is allowed in the Receivership Proceeding, The Spangler Group Receiver is expressly authorized by the parties to distribute 26.1% of the amount distributable on account of the Plan Claim to the Plan;

4. United States has reserved and maintains all rights against the Plan and/or respecting any amounts distributed by the Spangler Group Receiver to the Plan and nothing shall preclude the United States from initiating *in rem* forfeiture proceedings against Ms. Renfrow's portion of the Plan's assets.

5. Following entry of this Order, the Receiver shall move the Receivership Court to allow the Plan Claim, distribute and pay over to the registry of this Court 73.9 % of the amounts distributable on account of the allowed Plan Claim in satisfaction the United States' garnishment interest , and distribute and pay over to the Plan 26.1% of the amounts distributable on account of the Plan Claim (i.e., Luann Renfrow's agreed share or interest in the Plan assets.)

6. The Plan has contingently waived and released any and all claims and actions, known or unknown, against the Receiver and/or the Spangler Group relating to or arising out of the Receiver's management of the Plan's assets, and/or the Receiver's disbursement of amounts allocable and/or distributable on account of the Plan Claim per the metrics and methods for approved claims in the Receivership Proceeding. Such contingent waiver and release shall become final and binding upon payment to the Plan of 26.1% of the amount distributable on account of the Plan Claim.

7. The clerk shall TERMINATE this civil action.

DATED this 12th day of December, 2014.

_____
The Honorable Richard A. Jones
United States District Court Judge

**ORDER ADOPTING PARTIES' STIPULATION - 3**
*USA v. Spangler, et al. v. KLJ Consulting LLC, et al - No. C14-1203*

UNITED STATES ATTORNEY
WESTERN DISTRICT OF WASHINGTON
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970