UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>MARK SPANGLER,<br><br>Defendant. | CASE NO. CR12-133RSM<br><br>ORDER DENYING MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on the Motion for Compassionate Release filed by Defendant Mark Spangler. Dkt. #218. Mr. Spangler, an inmate at FCI Herlong in California, seeks release to home confinement because "the conditions of confinement at FCI Herlong significantly exacerbate the likelihood that Mr. Spangler will contract COVID-19, which, given his vulnerability, may prove fatal." *Id.* at 2.

On November 7, 2013, a jury convicted Mr. Spangler on 32 counts involving wire fraud, investment advisor fraud, and money laundering. Dkt. #143. On March 13, 2014, Mr. Spangler was sentenced to a term of 192 months. Dkts. #164 and #165. Mr. Spangler is currently 65 years old. Dkt. #218 at 2. His projected release date is December 9, 2027.

On April 1, 2020, Mr. Spangler applied to the warden for compassionate release Pursuant to Title 18 U.S.C. § 3582(c)(1)A). Thirty days have passed since the date of application and the

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 1

warden denied the request. The Government agrees the defendant has met the exhaustion requirement.

Mr. Spangler cites to a Los Angeles Times article indicating that the novel coronavirus is spreading at state prisons located in the same county as FCI Herlong. *See* Dkt. #218 at 7. Mr. Spangler presents no evidence that there is an outbreak at his facility. Mr. Spangler presents no evidence of having any personal health issue putting him at higher risk of mortality or serious injury from COVID-19 than the general population. The Government, citing attached medical records, argues that Mr. Spangler is in good health. Dkt. #222.

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i).

Effective December 21, 2018, the First Step Act of 2018 amended Section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release:

> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,* may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> or

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 2

> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A) (italics reflecting amendment under First Step Act).

The Court finds that Mr. Spangler has exhausted his administrative remedies and therefore moves on to the question of extraordinary and compelling reasons particular to this Defendant justifying the requested relief. Mr. Spangler argues that this requirement is satisfied by his exposure to the risk of COVID-19 facing all inmates at FCI Herlong. Mr. Spangler states, "[p]ublic health experts unanimously agree that the virus thrives in densely packed populations and is especially aggravated in unsanitary conditions where people are unable to practice social distancing and proper handwashing and sanitizing. In the short time since reporting its first COVID-19 infection, the BOP has seen an explosion of cases among inmates and staff." Dkt. #218 at 2. Mr. Spangler also discusses at length his rehabilitation and lack of risk to society if released.

The Government argues that several Courts have previously ruled that "a generalized fear of contracting coronavirus could apply to everyone in confinement; it therefore does not constitute an extraordinary and compelling reason." Dkt. #222 at 8–9 (citing *United States v. Stanard*, 2020 WL 2219478 (W.D. Wa. May 7, 2020); *United States v. Espinal*, 2020 WL 2092484 (E.D. N.Y. May 1, 2020); *United States v. Hiller*, 2020 WL 2041673 (D. Md. Apr. 28, 2020); and *United States v. Fuentes*, 2020 WL 1937398 (E.D. Ca. Apr. 22, 2020)). The Government also argues that Mr. Spangler "has not made any showing that FCI Herlong is

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 3

unequipped to provide appropriate medical treatment if he were to become sick." *Id.* at 10. The Government goes on to address the efforts BOP is making to safeguard inmates. *Id.* at 10–11.

This Court and at least one other judge in this District have previously cautioned that motions for release from imprisonment during the COVID-19 pandemic are "highly fact-intensive and dependent on the specific conditions of confinement and medical circumstances faced by the defendant." *See United States v. Fuller*, No. CR17-0324JLR, 2020 WL 1847751, *3 (W.D. Wash. Apr. 13, 2020). For that reason, requests for release "based on vague, generalized, or unsupported allegations are unlikely to receive favorable consideration." *Id*.

By all accounts Mr. Spangler is in good health for his age without any known risks associated with a higher chance of mortality or serious injury from COVID-19. The presence of the novel coronavirus at state prison facilities located in the same county does not alone lead the Court to believe Mr. Spangler is currently facing unacceptable conditions of confinement. Given the above, the Court finds no extraordinary and compelling reason to grant the requested relief and the Court need not proceed through Mr. Spangler's Section 3553 factors or any other considerations.

Accordingly, having reviewed the Motion, along with the remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion for Compassionate Release, Dkt. #218, is DENIED.

DATED this 28th day of July, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 4